## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| WILL H. NELSON and HATTIE N. NELSON, | ) ) ) | |
| Appellants, | ) ) | |
| | ) | No. 2:20-cv-02936-TLP-cgc |
| v. | ) ) | |
| CADLES OF WEST VIRGINIA, LLC, | ) ) | |
| Appellee. | ) | |

## ORDER GRANTING APPELLEE'S MOTION TO DISMISS

Appellants Will H. Nelson II and Hattie N. Nelson tried to appeal an order from the United States Bankruptcy Court of the Western District of Tennessee ("Bankruptcy Court"). (ECF No. 1.)  Appellee Cadles of West Virginia, LLC now moves to dismiss the appeal under Federal Rules of Bankruptcy Procedure 8001, 8002, and 8013.  (ECF No. 4.)  Appellants did not respond to the motion, and the time to do so has passed.  For the reasons below, the Court finds Defendant's position well-taken and **GRANTS** the motion to dismiss.

## BACKGROUND

This is an appeal from the Bankruptcy Court's Opinion and Order Granting Defendant's Motion to Dismiss Complaint and Adversary Proceeding.  (ECF Nos. 1 & 1-3.)  Appellant Will H. Nelson II ("Nelson II") petitioned for declaratory and injunctive relief in the Bankruptcy Court.  (ECF No. 1-3 at PageID 7.)  He asked the Bankruptcy Court to determine the validity and enforceability of claims that he had filed in two other bankruptcy cases.  (*Id.*)  But the Bankruptcy Court dismissed the action.  (*Id.*)  It found that the first-to-file rule applied to one of

his claims and that Appellant Nelson II lacked standing to bring the other claim.  (*Id.* at PageID 12–13.)

Appellants then appealed the Bankruptcy Court's order, but "incorrectly submitted" the Notice of Appeal to the district court. (*See* ECF No. 1-1 at 4.)  As a result, the district court sent the appeal to the Bankruptcy Court.  The Bankruptcy Court then referred the appeal to this Court and issued a deficiency notice because Appellants had not paid the $298 appellate filing fee. (*Id.*; ECF No. 1-2 at PageID 5.)

Appellee now moves to dismiss this appeal for two reasons: (1) the appeal is untimely and (2) Appellants still have not paid the appellate filing fee.

## <u>ANALYSIS</u>

Under Federal Rule of Bankruptcy Procedure 8002(a)(1), an appellant must notice an appeal with the bankruptcy clerk within fourteen days of the order or judgment being appealed. Compliance with this filing deadline is a jurisdictional requirement.  *Schwab Indus., Inc. v. Huntington Nat'l Bank*, 679 F. App'x 397, 398 (6th Cir. 2017).  This means that, if Appellants filed their notice of appeal after the fourteen-day deadline, this Court lacks jurisdiction over the appeal.  *Id.* at 399 (affirming dismissal of a bankruptcy appeal that the appellants filed two days after the statutory deadline).

Here the Bankruptcy Court entered its order being appealed on November 30, 2020. (ECF No. 1-3 at PageID 6.)  And Appellants first noticed their appeal on December 18, 2020.[1]

---

[1] Appellants mistakenly filed their notice of appeal with the district court instead of the Bankruptcy Court.  (ECF No. 1 at PageID 1.)  But their mistake does not change the fact that they missed the filing deadline here.  If "a notice of appeal is mistakenly filed in a district court . . . the clerk of the court must state on the notice the date on which it was received and transmit it to the bankruptcy clerk."  Fed. R. Bankr. P. 8002(a)(4).  "The notice of appeal is then considered filed in the bankruptcy court on the date so stated."

(ECF No. 1 at PageID 1.)  This means that Appellants filed their bankruptcy appeal four days after the statutory deadline.  And none of the exceptions for an untimely appeal apply here either. *See Schwab Indus., Inc.*, 679 F. App'x at 399 (noting exceptions to the filing rule where appellants seek an extension of time or substantially comply with the filing requirement); *see also* Fed. R. Bankr. P. 8002(b) & (c).  As a result, this Court lacks jurisdiction over this appeal.

The Court further notes that dismissal is appropriate because Appellants have not paid the appellate filing fee.  Under 28 U.S.C. § 1930, a party must pay a filing fee to appeal an order from a bankruptcy court.  Yet Appellants have not paid the filing fee.  Nor have they moved to proceed in forma pauperis.  What is more, Appellants have failed to respond to court orders. Appellants failed to respond to Appellee's motion to dismiss here.  So this Court ordered Appellants to show cause why the Court should not grant the motion.  (ECF No. 7.)  Appellants never responded to that show cause order.  And when the Court held a telephonic show cause hearing, Appellant Nelson II failed to appear.[2]  (ECF No. 12.)

All in all, the Court finds that dismissal here is appropriate because this Court lacks jurisdiction over this appeal.  Appellants also did not file the appellate filing fee and failed to respond to this Court's show cause order or appear at the show cause hearing.  And so the Court **GRANTS** Appellee's motion to dismiss.

---

[2] Appellant Hattie Nelson appeared at the show cause hearing.  But she explained that she did not file the appeal, and that the correct Appellant is Will H. Nelson II.  (ECF No. 10.)  As a result, the Court scheduled a second show cause hearing and contacted Appellant Nelson II about the hearing.  Despite having notice of the new hearing date, he failed to appear.  (ECF No. 12.)

## <u>CONCLUSION</u>

All in all, the Court lacks jurisdiction over this appeal because it is untimely. What is more, Appellants have not paid the required filing fee and have failed to participate actively here. The Court thus **GRANTS** Appellee's motion to dismiss and **DISMISSES** this appeal **WITH PREJUDICE**.

**SO ORDERED**, this 29th day of March, 2021.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

4